OPINION OF THE COURT
Edwin S. Shapiro, J.
After a trial before the court in this small claims action for the return of a deposit, I find and conclude as follows:
Plaintiff ordered a sofa, love seat, cocktail table and two end tables from the defendant in October 1984. The agreed price was $1,850 and plaintiff left a deposit of $500. The upholstered furniture was ordered from a catalogue and the fabric was selected from a color swatch book. Attempted delivery was made on November 10th. The sofa was in a damaged condition consisting of two holes in the rear and a rip underneath, and a glass top was missing from an end table. Plaintiff was willing to accept delivery on a C.O.D. basis if defendant would allow him to withhold $500 to insure defendant’s full compliance with the purchase agreement. Defendant promised to replace the missing glass and to “make the sofa like new,” and was willing to allow only $100 to be withheld as security for its promise. An impasse resulted and the merchandise was returned to the defendant at its insistence. Plaintiff requested the return of his deposit and ordered replacement furniture elsewhere.
*706 Defendant’s witness, Les Madaus, cited a printed provision in the purchase agreement stating that the merchandise is “especially ordered as chosen or held for you — no cancellation — no refund.” Mr. Madaus testified that this provision is contained in all of defendant’s purchase agreements. The clause appears to be at variance with defendant’s general representation by reason of its name, “National Furniture Liquidators”, that defendant is a furniture liquidator. Defendant also cited a provision in the agreement that it was entitled to effect delivery within 120 days.
As applied to the facts of this case, I find that the latter provision was modified by a different understanding between the parties and merged in the defective delivery of November 10, 1984. By reason of defendant’s defective delivery, followed by its imperfect proposed cure thereof, the defendant was the party responsible for a material breach of its sales contract. Defendant’s verbal assurances of replacing the glass top and of “making] the sofa like new” fell short of plaintiff’s reasonable expectations and also of defendant’s obligations under the contract in issue. The provision not permitting cancellation by the purchaser, even if otherwise enforceable, does not apply after a material breach by the seller.
On the facts and the law, judgment is hereby awarded to the plaintiff for the return of his deposit in the amount of $500 with interest from October 1, 1984.